Argued and submitted July 20, 1988, affirmed May 10, reconsideration denied June 30, petition for review denied August 29, 1989 (308 Or 315)

STATE OF OREGON,
*Respondent,*

*v.*

CARLOS AGUILAR,
*Appellant.*

(C86-08-34136; CA A46384)

773 P2d 17

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Richard West, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

DEITS, J.

508

## DEITS, J.

Defendant appeals his convictions for delivery of the controlled substances heroin and methamphetamine.[1] ORS 475.992. He argues that the trial court erred in denying his motion for judgment of acquittal and in failing to state adequately its reasons for imposing consecutive sentences. We affirm.

On May 21, 1986, Portland police officers executed a search warrant at 6115 S.E. Lexington Street in Portland, which they believed to be defendant's residence. The officers knocked and announced their identity and purpose and, after receiving no response, forced open the front door. The only person in the house was defendant's wife, Doris Aguilar. The police then searched the house. In the pocket of a vest that was hanging on the back of a chair they found a metal box, which contained 12 heat-sealed bags of methamphetamine, and a metal cylinder with seven one-half gram balloons of heroin. In the wife's wallet, they found a photograph of defendant wearing the vest; defendant later admitted that the vest was his. They also found two scales, a police radio scanner, a dismantled revolver, and notebooks, which, the officers testified, were consistent with drug records. One notebook included an inscription on the front cover which said "I love you forever, * * * your loving wife." The police also discovered photographs of defendant with weapons, with large sums of currency and with what appears to be marijuana. Several of the photographs appear to have been taken at the Lexington Street house. They also found recent utility bills bearing defendant's name and the Lexington Street address.

In the open trunk of a car that was parked outside the house, the police found a box, which contained heroin, approximately $4,800 in cash, Valium, syringes, razor blades, marijuana and a notebook with information consistent with drug records. Officer Barton, who participated in the execution of the search warrant and was an experienced narcotics officer, testified that the equipment and amount of drugs found at the

---

[1] Defendant was charged with, and found guilty of, possession and delivery of heroin and methamphetamine. The convictions for possession of controlled substances were merged with those for delivery of the same substance. *State v. McNamer,* 80 Or App 418, 421, 722 P2d 51 (1986).

residence were not consistent with personal use, but only with trafficking in controlled substances.

Defendant argues that the evidence was insufficient to establish his participation in the crimes charged. Defendant does not dispute that his wife lived at the residence and that drugs, drug records, scales and drug-related paraphernalia were found there; neither does he dispute his wife's admission that she was selling controlled substances. He asserts that he did not live at the address at the time of the search and that he was not involved in the drug activity. He contends that there was not sufficient evidence to support the inference that he lived with his wife at that time, that he exercised control of, or the right to control, the controlled substances, or that he transferred, facilitated the transfer or attempted to transfer controlled substances. Defendant relies on his wife's testimony that he had not been living in the house and that she, not he, had been dealing drugs from the house. He also relies on his own testimony and that of a friend that he no longer lived at the house.

In ruling on the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the state, a rational trier of fact could find defendant guilty beyond a reasonable doubt. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974). Viewed in that light, the evidence of occupancy of the house and connections with drug activities there supports a reasonable inference that defendant was involved in the possession of controlled substances.

The more difficult question is whether there is sufficient evidence to support a reasonable inference that defendant was involved in the delivery of a controlled substance. "Delivery" is defined as

"the actual, constructive or attempted transfer, other than by administering or dispensing, from one person to another of a controlled substance, whether or not there is an agency relationship." ORS 475.005(8).

The critical question is whether defendant's possession of a quantity of methamphetamine and heroin not consistent with personal use, but consistent with trafficking in controlled substances, and his possession of items associated with drug trafficking, such as the drug records, scales, large sums of

currency and razor blades, is sufficient evidence of an attempt to transfer.

As we concluded in *State v. Boyd,* 92 Or App 51, 756 P2d 1276, *rev den* 307 Or 77 (1988), the definition of "attempt," used in ORS 475.005(8), is governed by ORS 161.405(1):

> "A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

As we noted in *Boyd,* the Commentary to the Criminal Code of 1971, § 54 at 49-50, states, in relevant part:

> "[T]he Model Penal Code examples of acts which should not be held insufficient as a matter of law to constitute a substantial step are approved and are set out as follows:
>
> "* * * * *
>
> "(e)   possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances;
>
> "(f)   possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances[.]"

Defendant's possession of materials commonly associated with the transfer of controlled substances was evidence that he had taken a substantial step toward the commission of that crime.

Defendant also contends that the trial court erred in failing to state adequately its reasons for imposing consecutive sentences, as required by ORS 137.122. However, that requirement of ORS 137.122 was impliedly repealed by ORS 137.123. *DeAngelo v. Schiedler,* 306 Or 91, 99 n 5, 757 P2d 1355 (1988); *State v. Franske,* 92 Or App 353, 354, 758 P2d 418, *rev den* 307 Or 77 (1988).

Affirmed.