Argued and submitted October 30, 1989, reversed and remanded for entry of judgment on jury verdict and for resentencing March 7, 1990

# STATE OF OREGON,
*Appellant,*

*v.*

# WILLIAM DEAN JAQUES,
*Respondent.*

(88-08-1547-C; CA A60311)

788 P2d 461

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

.

## GRABER, P. J.

Defendant was charged with delivery and possession of a controlled substance. ORS 475.992(1), (2), (4). He moved for a judgment of acquittal at the conclusion of the state's case. Although the trial court seemed to agree with defendant on the delivery charge, it denied the motion "due to the closeness of the question." The court added that, if the jury were to return a guilty verdict on the delivery charge, the court would issue an order in arrest of the judgment. The jury found defendant guilty on both charges. Defendant moved for an order in arrest of judgment on the delivery charge, and the court granted it.[1] The state appeals, ORS 138.060(2). We reverse and remand.

■ The basis of the ruling was the court's belief that a reasonable jury could not have found beyond a reasonable doubt that defendant had attempted to transfer marijuana. *See* ORS 475.005(8).[2] The state argues that "[t]he trial court erred in entering an order arresting the judgment in this case, on the theory that the facts proved on trial do not constitute a properly alleged offense." A motion in arrest of judgment "may be founded on either or both of the grounds specified in ORS 135.630 (1) and (4), *and not otherwise.*" ORS 136.500. (Emphasis supplied.) ORS 135.630 lists the grounds on which a defendant may demur to an accusatory instrument, including, in pertinent part:

> "(1) If the accusatory instrument is an indictment, that the grand jury by which it was found had no legal authority to inquire into the crime charged because the same is not triable within the county;
>
> "* * * * *
>
> "(4) That the facts stated do not constitute an offense[.]"

Here, the only reason that the trial court gave for granting the motion in arrest of judgment was that it thought that the state had presented insufficient evidence at trial.

---

[1] The conviction of co-defendant Dianna Jaques for possession of less than one ounce of marijuana, ORS 475.992(4)(f), is not involved in this appeal.

[2] The court relied on *State v. Boyd,* 92 Or App 51, 756 P2d 1276, *rev den* 307 Or 77 (1988). After entry of the order in arrest of judgment, we decided *State v. Aguilar,* 96 Or App 506, 773 P2d 17, *rev den* 308 Or 315 (1989), the facts of which are closer to the present situation.

That is not one of the grounds in ORS 136.500 for such a motion. Therefore, the trial court's ruling on the motion was erroneous.

 Reversed and remanded for entry of judgment on jury verdict and for resentencing.[3]

---

[3] The trial court entered judgment on the jury's verdict as to the possession charge and placed defendant on probation. However, the conviction for possession will merge into the conviction for delivery of the same controlled substance. ORS 161.062(1). For that reason, the trial court must resentence defendant after it enters judgment on the jury verdict on the delivery charge.