Argued and submitted November 5, 1990, affirmed January 23, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## LORENZO CARNELL FULMER,
*Appellant.*

(C8907-33568; CA A64463)

804 P2d 515

Randall J. Wolfe, Portland, argued the cause and filed the brief for appellant.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for delivery of a controlled substance. ORS 475.992. He argues that the trial court erred in denying his motion for judgment of acquittal, because there was insufficient evidence to support a conviction on the delivery charge. We affirm.

On April 6, 1989, uniformed officers in an unmarked police car saw defendant crossing a nearby intersection. Defendant had just noticed a marked patrol car go by, but had not yet seen the officers in the unmarked car. While looking over his shoulder, he reached into his jacket pocket and tossed a plastic bag onto the grass of a nearby lot. A moment later, he saw the officers in the unmarked car and, covering his face, began to flee. They apprehended him, recovered a bag of rock cocaine from where he had tossed it and arrested him.

The officers found six bindles of cocaine in the bag and discovered $18 in defendant's coat pocket and another $290 in his sock. They also found a razor blade. Defendant admitted, at the arrest scene, that he had not been employed since 1987 and was unable to explain the source of the money, although at trial he said that it belonged to his sister and that he was taking it home for safekeeping. He told the arresting officers that he did not smoke rock cocaine.

Defendant argues that the evidence was insufficient to support the conviction. In testing the sufficiency of the evidence, we view it in the light most favorable to the state. The standard is whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Harris,* 288 Or 703, 609 P2d 798 (1980); *State v. Aguilar,* 96 Or App 506, 509, 773 P2d 17, *rev den* 308 Or 315 (1989).

■ Delivery, as defined by ORS 475.005(8), is an "actual, constructive or attempted transfer[.]" An attempt to deliver, therefore, constitutes the same crime as a completed transfer. *State v. Boyd,* 92 Or App 51, 55, 756 P2d 1276, *rev den* 307 Or 77 (1988). "Attempt," in this context, is defined in ORS 161.405(1):

"A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

*See State v. Boyd, supra,* 92 Or App at 53 & n 1. Therefore, the question here is whether defendant engaged in conduct that constituted a substantial step toward commission of the crime of delivery of a controlled substance.

As we noted in *State v. Boyd, supra,* the *Commentary to the Criminal Code of 1971* 49-50, § 54 (1975 ed) says:

"[T]he Model Penal Code examples of acts which should not be held insufficient as a matter of law to constitute a substantial step are approved and set out as follows:

"* * * * *

"(e)  possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances.

"(f)  possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances[.]"

We conclude that there was sufficient evidence for the trial court to find that defendant had committed a substantial step toward delivery of a controlled substance. He was in possession of six bindles of cocaine, a quantity that the arresting officer testified is very rarely carried for personal use. The cocaine was contained in individually sealed packages, which is consistent with intended sales transactions. Defendant also possessed a razor blade, an implement that the officer testified is commonly used for cutting rock cocaine for sale. Defendant also had $290 in small denomination bills in his sock, the source of which he could not explain at the time of his arrest. At trial, he testified that the money belonged to his sister, but the trial court disbelieved that. Although he admitted to the arresting officers that the cocaine was his, he also told them that he did not smoke it. At trial, he testified that the cocaine was for his personal use and that, when he had told the officers that he did not smoke it, he meant that he does not use a pipe for smoking crack, but "laces" marijuana with it. The trial court noted testimony that smoking is the only way to ingest crack cocaine and found defendant's explanation not credible.

It was rational for the court to conclude, on the basis

of the evidence, that defendant's possession of these items was for "employ[ment] in the commission of the crime" of delivery of a controlled substance. There was sufficient evidence to support defendant's conviction.

Affirmed.