Argued and submitted August 24, resubmitted In Banc December 12, 1990,
convictions affirmed; consecutive sentences vacated; remanded for resentencing
April 10, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# ANTHONY SABATINO RACICOT,
*Appellant.*

(10-89-02459; CA A61461)

809 P2d 726

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Janet Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

DE MUNIZ, J.

Deits, J., dissenting.

## DE MUNIZ, J.

Defendant appeals from consecutive sentences totalling 60 years imposed after his convictions on seven counts. He argues that the trial court erred in imposing consecutive sentences, because it failed to make findings justifying the sentences as required by ORS 137.123(4). We vacate the consecutive sentences and remand for resentencing.

Before the passage of Ballot Measure 10 in 1986, ORS 137.122[1] governed the imposition of consecutive sentences. ORS 137.122(4) provided that the court had discretion to impose consecutive sentences "only if the court finds" the conditions stated in subsubsections (4)(a) or (b). *In addition,* subsection (6) provided that, whenever the court imposes a consecutive sentence, "it shall state its reasons for doing so and make all required special findings on the record at the time of sentencing." Therefore, ORS 137.122 required the trial court not only to find that consecutive sentences were authorized by subsection (4) but also to state why it was imposing consecutive sentences and to make "special findings" in support of its reasons.

In 1987, the legislature codified section 12 of Ballot Measure 10 as ORS 137.123. The only significant difference

---

[1] ORS 137.122 provides, in part:

"(4) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) The criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a substantial risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a substantial risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct.

"(5) When the court makes the findings provided in paragraph (a) or (b) of subsection (4) of this section, it may, in its discretion, impose a consecutive sentence for each criminal conviction arising out of a continuous and uninterrupted course of conduct for which such a finding has been made. The court may impose a consecutive sentence if the court finds that the actual term of incarceration would not otherwise be commensurate with the seriousness of the total course of defendant's criminal conduct or the public would not be adequately protected if a concurrent term of imprisonment were imposed.

"(6) Whenever the court imposes a consecutive sentence under this section, it shall state its reasons for doing so and make all required special findings on the record at the time of sentencing."

between ORS 137.123 and ORS 137.122 is that subsection (6) has been deleted. ORS 137.123 provides:

"(1)  A sentence imposed by the court may be made concurrent or consecutive to any other sentence which * * * is simultaneously imposed upon the same defendant. The court may provide for consecutive sentences *only in accordance with the provisions of this section.* A sentence shall be deemed to be a concurrent term unless the court's order expressly provides for consecutive sentences.

"* * * * *

"(3)  When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction *shall be concurrent unless the court complies with the procedures set forth in subsection (4).*

"(4)  The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct *only if the court finds:*

"(a)  That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b)  The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or [sic] conduct." (Emphasis supplied.)

■■  Ballot Measure 10 impliedly repealed ORS 137.122, and ORS 137.123 is now the law. *DeAngelo v. Schiedler,* 306 Or 91, 757 P2d 1355 (1988). A sentencing court no longer is required to "state its reasons" for imposing consecutive sentences or to make "special findings on the record" *after* it finds that consecutive sentences are authorized by subsection (4). The statement of reasons and special findings formerly required by 137.122(6) related to *why* the court imposed consecutive sentences in the case before it. The statement did not relate to *whether* a consecutive sentence could be imposed. Under ORS 137.123(4), the sentencing court must still *find* that a consecutive sentence is *authorized.*

The provisions of ORS 137.123 make it clear that consecutive sentences may be imposed "only in accordance with the provisions of this section"; that sentences imposed for more than one conviction arising out of a continuous and uninterrupted course of conduct "shall be concurrent unless the court complies with the procedures set forth in subsection (4)"; and that a court may impose consecutive sentences "only if the court finds" that the situation falls within either subsection 4(a) or (b). We cannot know whether the court made that finding if it does not tell us.

Our review of the trial court's action is limited to determining whether the sentence imposed exceeds the maximum allowable by law or is unconstitutionally cruel and unusual. ORS 138.040; *State v. Donovan,* 307 Or 461, 464, 770 P2d 581 (1989). Determining whether a criminal offense "was not merely an incidental violation of a more serious crime," or whether a criminal offense "caused or created a substantial risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a substantial risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct," may require the trial court to choose from competing versions of the facts or to make a qualitative judgment about the relative seriousness of facts or circumstances involved in the commission of a crime. In many cases, unless the record before us shows some determination by the trial court that circumstances authorizing a consecutive sentence under (4)(a) or (b) are present, we would have to weigh the facts to determine whether a consecutive sentence is authorized, *i.e.,* whether the sentence is lawful or exceeds the maximum allowable by law. We do not review *de novo;* we review only for errors of law appearing on the record. ORS 138.220. Requiring the trial court initially to find or determine on the record that a consecutive sentence is authorized under the statute is the only interpretation of ORS 137.123(4) that is consistent with our limited scope of review of criminal sentences.[2]

---

[2] The dissent is incorrect that "decisions of this court * * * hold that, without the findings requirement of subsection (6), the statute does not require a trial court to make findings on the record." 106 Or App at 563. In *State v. Franske,* 92 Or App 353, 758 P2d 418, *rev den* 307 Or 77 (1988), the defendant challenged the imposition of consecutive sentences on the ground that the trial court had not met the requirements of *ORS 137.122.* Because ORS 137.123 had impliedly repealed ORS 137.122, we rejected the defendant's argument. The conclusion that the defendant could not claim error under ORS 137.122 was not a holding that consecutive sentences could be imposed without a finding that the sentence was authorized under the statute.

It is the trial court's function to impose sentences and to do so in accordance with the authorizing statute. Because it did not do so in this instance, we remand for resentencing.

Convictions affirmed; consecutive sentences vacated; remanded for resentencing.

**DEITS, J.,** dissenting.

Because the majority's opinion is contrary to the language of the pertinent statute, ORS 137.123, and is inconsistent with decisions of this court, I dissent.

The majority correctly states that ORS 137.122 was repealed by implication when section 12 of Ballot Measure 10, codified at ORS 137.123, was passed by the voters in 1986. *DeAngelo v. Schiedler,* 306 Or 91, 99-100 n 5, 757 P2d 1355 (1988). Subsection (6) of ORS 137.122 provided that the court had to make specific findings on the record as to its reasons for imposing consecutive sentences:

"Whenever the court imposes a consecutive sentence under this section, it shall state its reasons for doing so and make all required special findings on the record at the time of sentencing."

ORS 137.123 does not include that requirement. The deletion of the findings requirement of subsection (6) was the only major change made by the adoption of ORS 137.123. Despite the elimination of the findings requirement, the majority concludes that findings on the record are still required when consecutive sentences are imposed.

In reaching its conclusion, the majority relies on the language of subsection (4) of ORS 137.123 that consecutive sentences may only be imposed if the trial court "finds" that the statutory conditions have been met. The majority's reading might be reasonable were it not for the history of the statutes. Essentially, the majority reads back into the statute exactly what was taken out and makes the change in the statute meaningless.

The majority attempts to explain its disregard of the history by concluding that the findings requirement of subsection (6) was quite different than the findings requirement that it now reads into subsection (4). It reasons that the requirement of subsection (6) that the court state its reasons for

imposing consecutive sentence and make all findings on the record had nothing to do with whether a consecutive sentence was authorized by the statute; rather, it merely required an explanation of why the court was imposing consecutive sentences. However, that is really a distinction without a difference. Clearly, the purpose of the statement of reasons and findings required by subsection (6) was to show that the imposition of the sentence came within the court's authority under ORS 137.123(4). Presumably, the findings required by the majority's reading of subsection (4) would serve exactly the same purpose.

My conclusion is supported by decisions of this court that hold that, without the findings requirement of subsection (6), the statute does not require a trial court to make findings on the record. In *State v. Franske,* 92 Or App 353, 758 P2d 418, *rev den* 307 Or 77 (1988), the defendant argued that ORS 137.122 required the trial court to state, on the record, its specific reasons for imposing consecutive sentences. We rejected that argument:

> "Because the requirement of ORS 137.122(6) that a trial court state its reasons for imposing consecutive sentences was impliedly repealed by ORS 137.123, the trial court did not err in failing to do so." 92 Or App at 354. (Citation omitted.)

*See also State v. Aguilar,* 96 Or App 506, 510, 773 P2d 17, *rev den* 308 Or 315 (1989). The majority attempts to distinguish *Franske* by characterizing it as holding only that ORS 137.123 impliedly repealed ORS 137.122. In *Franske,* however, we specified that the *findings requirement* of ORS 137.122(6) had been impliedly repealed and that the trial court did not err in failing to make findings. Nothing has happened since our holding in *Franske* to revive the requirement of ORS 137.122(6). In addition, the language of subsection (4), on which the majority relies, was included in both ORS 137.122 and ORS 137.123 and was in effect at the time when *Franske* and *Aguilar* were decided. Nevertheless, in those cases we concluded that it was not error for the trial court to fail to state its reasons, on the record, for imposing consecutive sentences. The rationale of *Franske* is directly applicable in this case.

I would hold that ORS 137.123 requires that the court determine that the requirements of subsections (4) (a) and (b)

are met before imposing consecutive sentences but that it is not required to make findings on the record concerning those requirements.[1] Accordingly, I dissent.

Joseph, C. J., and Warren and Riggs, JJ., join in this dissent.

---

[1] In view of the majority's disposition of this case, it is unnecessary to address the scope of our review of the trial court's imposition of consecutive sentences.