On appellant's petition for reconsideration filed April 10, reconsideration allowed; decision (105 Or App 414, 804 P2d 1231) adhered to May 29, reconsideration denied August 28, petition for review denied October 29, 1991 (312 Or 235)

### STATE OF OREGON,
*Respondent,*

*v.*

### RAUL MARTINEZ,
*Appellant.*

(89C-21518; CA A63724)

812 P2d 30

Steven H. Gorham, Salem, for petition.

No appearance by respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant petitions for review of our decision that affirmed, without opinion, his convictions on three counts of assault in the second degree, ORS 163.175, and carrying a dangerous weapon with intent to use it unlawfully. ORS 166.220. 105 Or App 414, 804 P2d 1231 (1991). We treat the petition as one for reconsideration, ORAP 9.15(1), allow it in the light of *State v. Racicot*, 106 Or App 557, 809 P2d 726 (1991), and adhere to our decision.

Defendant challenges the imposition of consecutive sentences on the ground that the trial court did not make the findings required by ORS 137.122. In *Racicot*, we held that, before a trial court can impose consecutive sentences, ORS 137.123(4)[1] requires it to make certain findings. ORS 137.122 required similar findings. However, because ORS 137.123 impliedly repealed ORS 137.122, we reject defendant's argument. *See State v. Franske*, 92 Or App 353, 758 P2d 418, *rev den* 307 Or 77 (1988).

Defendant's remaining arguments do not merit discussion.

Reconsideration allowed; decision adhered to.

---

[1] ORS 137.123(4) provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or [*sic*] conduct."