Argued and submitted November 5, 1990, convictions affirmed; consecutive
sentences vacated; remanded for resentencing July 24, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# JESUS DURAN,
*Appellant.*

(89C-21055; CA A62587)

814 P2d 181

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions on two counts of assault in the third degree. ORS 163.165. He was sentenced to five years imprisonment on Count I, with a two-year minimum pursuant to ORS 144.110. On Count II, he was sentenced to five years, to run consecutively to the sentence in Count I; the sentence also included a two-year minimum term under ORS 144.110. We affirm the convictions and write only to address the claim of error regarding the sentences.

■ Defendant first argues that, in the light of an additional sentence that he received because of a probation violation, the consecutive sentences in this case constitute "cruel and unusual punishment" in violation of Article I, section 15, of the Oregon Constitution. They do not.

■ Defendant contends, correctly, that the court was required to make findings before imposing consecutive sentences under ORS 137.123 and did not. *State v. Racicot,* 106 Or App 557, 809 P2d 726 (1991).

■ Finally, defendant contends that the judgment makes only the five-year sentence on Count II consecutive but does not make the two-year minimum term on Count II consecutive. He argues that the minimum terms are concurrent, because they were not expressly made consecutive. Although a minimum term is frequently referred to as a minimum sentence, the thrust of ORS 144.110 is that a prisoner may not be paroled until the minimum term of incarceration is served. If the sentences are ordered to be served consecutively, the minimum term of imprisonment on each of the sentences must be served before a defendant is entitled to parole. A minimum term is part of a sentence and is automatically concurrent or consecutive, depending on the sentence to which it relates. It is unnecessary for the judgment to specify whether a minimum term is consecutive.

Convictions affirmed; consecutive sentences vacated; remanded for resentencing.