# WILLIAM ROBERT SMITH,
## *Appellant,*

*v.*

## Manfred (Fred) MAASS,
### *Respondent.*

### (90C10186; CA A68619)

823 P2d 449

Elaine B. Oliver, Salem, argued the cause for appellant. With her on the brief was Swaim & Associates, P.C., Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. We affirm.

On October 15, 1988, petitioner was the passenger in the victim's car. While the victim was driving, petitioner held a knife to his throat and demanded money. Petitioner stabbed him in the arm, took his wallet and then "slit the victim's throat." Petitioner drove away and left the bleeding victim on the street.

Petitioner pled guilty to robbery in the first degree, ORS 164.415, assault in the first degree, ORS 163.185, and unauthorized use of a motor vehicle (UUMV). ORS 164.135. The court imposed a 17-year sentence on the robbery conviction, a 17-year sentence on the assault conviction consecutive to the sentence on the robbery conviction and a five-year concurrent sentence on the UUMV conviction.

Petitioner appealed. We affirmed, and the Supreme Court denied review. *State v. Smith*, 98 Or App 763, 782 P2d 185, *rev den* 308 Or 593 (1989). He then petitioned for post-conviction relief, ORS 138.510, and alleged that he was denied adequate assistance of counsel when his trial counsel failed to object to the imposition of a consecutive sentence. He also alleged that the consecutive sentence imposed was not authorized by law. The post-conviction court dismissed the petition.

In *State v. Racicot*, 106 Or App 557, 561, 809 P2d 726 (1991), we held that, before imposing consecutive sentences for convictions arising out of a continuous course of conduct, the court must "find that a consecutive sentence is authorized" under ORS 137.123(4).[1] At the sentencing hearing, the

---

[1] ORS 137.123(4) provides:

"*The court has discretion* to impose consecutive terms of imprisonment for separate convictions arising out of a continuous course of conduct *only if the court finds*:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal *offense for which a consecutive sentence is contemplated* caused or *created a risk of causing greater or qualitatively different loss, injury*

court said:

> "I am imposing consecutive and minimum sentences for the following reasons. Although the prior record is not as serious as I have seen in the past, there are a number of convictions, Forgery I, Burg (sic) II, Assault IV, Unauthorized Use of a Motor Vehicle, there have been other contacts with the — my major concern, however, is the seriousness of this offense and what troubles me particularly is that the defendant left the victim without calling for any assistance, [and] showed disregard for what might happen or what might happen to this person who was very seriously injured."

The record demonstrates that the court determined that petitioner's assaultive conduct created a qualitatively different and more serious risk than was involved in the robbery alone. That determination is sufficient to authorize the imposition of a consecutive sentence under ORS 137.123(4)(b). The court correctly dismissed petitioner's post-conviction petition.

    Affirmed.

---

*or harm to the victim* or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during the continuous or uninterrupted course or conduct." (Emphasis supplied.)