Submitted on record and briefs February 14, affirmed April 17, 1996

# DAVID B. AUSTIN,
*Appellant,*

*v.*

# Michael McGEE,
## Superintendent,
## Columbia River Correctional Institution,
*Respondent.*

### (940302013; CA A86614)

915 P2d 1027

264

Garrett A. Richardson and Multnomah Defenders filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Petitioner appeals from a judgment denying his petition for post-conviction relief. ORS 138.510 *et seq*. He argues that the post-conviction court erred in determining that he had received adequate assistance of counsel during the sentencing portion of the trial for his underlying convictions. We affirm.

Petitioner was convicted of rape in the first degree and rape in the third degree. ORS 163.375; ORS 163.355. The underlying facts involved his admitted sexual intercourse with a 14-year-old girl.[1] The sentencing court imposed a 40-month term of imprisonment for the first-degree rape conviction, and a six-month term of imprisonment and 36-month term of post-prison supervision for the third-degree rape conviction. It then ordered the sentence on the third-degree rape conviction to be served consecutively. Petitioner's trial counsel made no objection to the order imposing consecutive sentences.

Pursuant to his petition for post-conviction relief, petitioner argues that the imposition of a consecutive sentence was error and that counsel's failure to object to the sentences on that basis constituted ineffective assistance of counsel under Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution. Our review is limited to questions of law; we determine "whether the facts found by the post-conviction court are supported by the record and whether its legal conclusion is correct." *Moen v. Peterson*, 104 Or App 481, 487 n 3, 802 P2d 76 (1990), *aff'd* 312 Or 503, 824 P2d 404 (1991). In order to demonstrate inadequate assistance of counsel under Article I, section 11, petitioner must show that his trial counsel " 'failed to exercise professional skill and judgment and that petitioner suffered prejudice as a result.' " *Stevens v. State of Oregon*, 322 Or 101, 108, 902 P2d 1137 (1995) (quoting *Trujillo v. Maass*, 312 Or 431, 435, 822

---

[1] Count 1 of the indictment alleged that petitioner had sexual intercourse with the victim by "forcible compulsion." Count 3 of the indictment alleged that petitioner had sexual intercourse with the victim, who was "a female under the age of sixteen years."

P2d 703 (1991)). The standard under the Sixth and Fourteenth Amendments is similar. *Chew v. State of Oregon*, 121 Or App 474, 477, 855 P2d 1120, *rev den* 318 Or 24 (1993).

Petitioner, relying on our holding in *State v. Racicot*, 106 Or App 557, 809 P2d 726 (1991), argues that his counsel should have argued to the sentencing court that it had not made the required findings pursuant to *former* ORS 137.123(4) (renumbered ORS 137.123(5) in 1995) that authorized consecutive sentences. The post-conviction court disagreed, ruling:

> "Defense counsel did not have a basis to object to the trial court's imposition of consecutive sentences, because the court made sufficient oral and written findings for the imposition of consecutive sentences."

*Former* ORS 137.123(4) provided:

> "The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

> "(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

> "(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or conduct."

In *Racicot*, we considered the effect of the then newly enacted ORS 137.123 on ORS 137.122 (repealed by Or Laws 1991, ch 67, § 28), the former statute that governed the imposition of consecutive sentences. Under ORS 137.122, a sentencing court was required to "state its reasons for [imposing a consecutive sentence] and make all required special findings on the record at the time of sentencing." ORS 137.122(6).

ORS 137.123 did not include that same requirement. We held:

> "A sentencing court no longer is required to 'state its reasons' for imposing consecutive sentences or to make 'special findings on the record' *after* it finds that consecutive sentences are authorized by subsection (4). The statement of reasons and special findings formerly required by 137.122(6) related to *why* the court imposed consecutive sentences in the case before it. The statement did not relate to *whether* a consecutive sentence could be imposed. Under ORS 137.123(4), the sentencing court must still *find* that a consecutive sentence is *authorized*." 106 Or App at 560 (emphasis in original).

Thus, under *former* ORS 137.123(4), the sentencing court was required to "find" that the statutory requirements had been met. It was not enough for the sentencing court simply to state as a conclusion of law that the offenses qualify for consecutive sentencing under ORS 137.123(4). Rather, the statute required a "finding" that the offense for which the consecutive sentence was contemplated fell either under subsection (a) or (b).

■■ In this case, the record shows that at the sentencing hearing, the court orally found:

> "[Petitioner] qualifies for consecutive sentences under ORS 137.123(4). The court does believe that this is an aggravated set of circumstances under OAR 253-08-002(1)(b). [Petitioner] did know of victim's vulnerability, young age, and mental deficiencies, and took advantage of that and therefore a consecutive sentence is in order pursuant to OAR 253-08-005(1)(c)."

Petitioner first argues that these findings should be disregarded because they are not included in the written judgment, and "[t]his court has deemed it 'axiomatic' that a court's written order or judgment controls over the court's oral comments." That argument is not well taken. The sentencing court need only make a finding *on the record,* and the sentencing court's oral findings are part of the record in this case. *Racicot,* 106 Or App at 561.

■ Petitioner also argues that the above findings are insufficient because, although the sentencing court refers to

ORS 137.123(4), it did not specify whether the order for consecutive sentences was authorized under subsection (a) or (b). He further argues that the sentencing court's findings pertain not to ORS 137.123(4), but to the administrative rules with regard to departure sentences. Based on the grid block in which the sentencing court placed petitioner, petitioner's presumptive sentence for his third-degree rape conviction would have been 36 months of probation. Thus, in order to impose consecutive sentences, the sentencing court had to make a dispositional departure. OAR 253-08-002(1)(b) provides the aggravating factors that may be considered in making a dispositional departure, one of which is the offender's knowledge of the victim's "particular vulnerability, such as the extreme youth, age, disability or ill health of victim[.]" OAR 253-08-002(1)(b)(B). OAR 253-08-005(1)(c) defines the dispositional departure limitations, and in this case, it authorized the sentencing court to order a six-month term of incarceration instead of the presumptive sentence.

The state argues, and the post-conviction court apparently agreed, that the sentencing court's findings were not only intended as a list of the aggravating factors under OAR 253-08-002(1)(b), but also as findings to support the imposition of consecutive sentences under ORS 137.123(4). The record supports the trial court's ruling. It shows that the sentencing court relied on the same facts to demonstrate the basis for a departure sentence as well as to meet the requirement for consecutive sentences. In light of its specific findings, it was not necessary for the trial court to mention the statutory subsection that it was relying on. *Smith v. Maass*, 110 Or App 554, 556, 823 P2d 449, *rev den* 313 Or 210 (1992). We conclude that the post-conviction court did not err in concluding that the sentencing court's findings were sufficient to impose consecutive sentences under ORS 137.123(4). It follows that petitioner is not entitled to post-conviction relief because of his counsel's failure to object to the imposition of consecutive sentences.

Affirmed.