Argued and submitted August 29, affirmed November 14, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## JARED CLARK SHEWELL,
*Appellant.*

### 99C43339; A107567

35 P3d 1096

David E. Groom, State Public Defender, and Kimi Nam, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Judy C. Lucas, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

BREWER, J.

---

* Deits, C. J., *vice* Warren, S. J.

**BREWER, J.**

Defendant appeals from his conviction for delivery of a controlled substance within 1,000 feet of a school. ORS 475.999.[1] Defendant argues that the trial court erred in denying his motion for a judgment of acquittal on the ground that there was insufficient evidence to establish that he delivered a controlled substance. We affirm.

Because defendant was convicted, we state the evidence in the light most favorable to the state. *State v. Fulmer*, 105 Or App 334, 336, 804 P2d 515 (1991). On March 25, 1999, Officer Owings received an anonymous tip that defendant was selling drugs. Based on the tip, Owings asked other officers to locate defendant. Officer Vasas found defendant and asked if he had been selling drugs. Defendant denied selling drugs and consented to a pat-down. Vasas did not find any drugs in the pat-down.

On March 27, Owings noticed defendant near a shopping mall with a group of 10 to 15 people "huddled" around defendant. As Owings approached, the group dispersed, and defendant "quickly departed the crowd" and entered the mall "at a fast pace." Owings contacted other officers in the area and asked them for assistance in locating defendant. After a brief search of the mall, Owings located defendant on the upper level of the mall near a fire escape. As Owings questioned defendant, Officer Rowe and a mall security officer arrived at the scene. Defendant consented to being searched by Owings and Rowe. During the search, the officers found (1) a plastic bag containing 1.14 grams of marijuana, (2) a second plastic bag containing .33 grams of marijuana, (3) a tin container holding .18 grams of marijuana, (4) numerous plastic bags, (5) a crude hand-held scale, (6) clippers, and (7) $52 in cash. During questioning, defendant admitted to making two marijuana sales earlier in the day, but he did not indicate whether those sales had occurred

---

[1] ORS 475.999 provides, in part:

"[I]t is unlawful for any person to:

"* * * deliver a schedule I, II or III controlled substance within 1,000 feet of the real property comprising a public or private elementary, secondary or career school attended primarily by minors."

in front of the mall where Owings had observed him with the group of people.

Defendant was arrested and indicted for delivery of a controlled substance within 1,000 feet of a school.[2] At trial, Owings testified that, based on his training and experience and the information he had, he suspected there was "probably some kind of narcotic activity happening" in the huddle outside of the mall. Rowe testified that:

> "The most important thing to me is the fact that he had a small handheld scale with him and he had separate little plastic baggies with him.
>
> "* * * * *
>
> "* * * Normally one's not going to carry that with them to casually use drugs. It's used to promote sales."

According to Rowe, the marijuana found in defendant's possession was a saleable amount, and defendant's presence in public with the marijuana suggested an intent to sell it. After the state rested, defendant moved for a judgment of acquittal, arguing that the state did not prove that the delivery alleged in the indictment actually occurred. The court denied the motion, and the jury returned a guilty verdict.

■ On appeal, defendant contends that there is insufficient evidence to establish the element of delivery of marijuana as alleged in the indictment.[3] We will reverse a trial court's denial of a motion for judgment of acquittal only where no rational trier of fact could find all of the elements of the crime beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989).

---

[2] The indictment alleged:

"The defendant, on or about 3/27/99 * * *, did then and there unlawfully, feloniously and knowingly deliver marijuana, a schedule 1 controlled substance within 1,000 feet of the real property comprising Downtown Learning Center, a public or private elementary, vocational, or secondary school attended primarily by minors."

[3] Defendant does not dispute that marijuana is a schedule I controlled substance or that the mall is within 1,000 feet of a school; therefore, we are concerned with only the "delivery" element of the crime.

■ Delivery is an "actual, constructive or attempted transfer * * * from one person to another of a controlled substance." ORS 475.005(8). "An attempt to deliver, therefore, constitutes the same crime as a completed transfer." *Fulmer*, 105 Or App at 336. ORS 161.405 provides that "[a] person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." The state does not contend that there was sufficient evidence to support defendant's conviction based on a theory of actual or constructive delivery. There was no evidence that any officer observed a hand-to-hand transfer of marijuana at the mall. Nor did defendant admit that either of his two sales on March 27 occurred at that location. Accordingly, the decisive issue is whether there was sufficient evidence for a rational trier of fact to find that, when he was standing with the group of people at the mall, defendant engaged in conduct that constituted a *substantial step* toward commission of the crime of delivery of a controlled substance within 1,000 feet of a school. *See id.* at 337.

In *State v. Boyd*, 92 Or App 51, 54, 756 P2d 1276, *rev den* 307 Or 77 (1988), we quoted from the Commentary to Oregon Criminal Code of 1971, section 54, 49-50 (1975 ed):

" '[T]he Model Penal Code examples of acts which should not be held insufficient as a matter of law to constitute a substantial step are approved and are set out as follows:

"* * * * *

" '(e)  possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances;

" '(f)  possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances[.]' "

The state asserts that the items found in defendant's possession served no lawful purpose under the circumstances. Defendant responds that there are purposes other

than delivery that account for the evidence found in his possession. Specifically, he contends that the items seized are consistent with his personal use of marijuana. He asserts that the amount of marijuana found in his possession was not a substantial quantity and the scale was not capable of measuring small amounts. Therefore, defendant reasons that his possession of those items is insufficient to constitute a substantial step toward delivery of marijuana.

■　We disagree. Defendant possessed three separate bags of marijuana, a hand-held scale, clippers, numerous empty plastic bags, and a small amount of cash. Rowe testified that the scale and the plastic bags, in particular, were not consistent with defendant's personal use of the marijuana but, rather, suggested a plan to sell it. Defendant's possession of that combination of items, while surrounded by a group of people in a public place, is especially telling, given his admission that he had made two marijuana sales that day. Defendant's "possession of materials commonly associated with the transfer of controlled substances," *State v. Aguilar*, 96 Or App 506, 510, 773 P2d 17 (1988), *rev den* 308 Or 315 (1989), permitted a rational trier of fact to conclude that defendant had "taken a substantial step toward the commission of that crime." *Id*.

Affirmed.