Argued and submitted April 22, affirmed July 6, reconsideration denied September 2, petition for review denied October 18, 1988 (307 Or 77)

## STATE OF OREGON,
*Respondent,*

*v.*

## JOYCELYN BOYD,
*Appellant.*

(C86-11-35949; CA A44606)

756 P2d 1276

Robert A. Goffredi, Portland, argued the cause and filed the brief for appellant.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Defendant appeals her conviction for delivery of a controlled substance. ORS 475.992. At issue is whether twenty-three bindles of heroin found in defendant's possession at the time of her arrest and her admission that she had acquired the heroin for the purpose of selling it were sufficient evidence to convict.

On July 7, 1986, defendant was arrested in her home in Portland. During the execution of the search warrant, she admitted that, earlier that day, she had acquired about thirteen bindles of heroin with the intent to sell them. She also admitted that she had sold drugs for another person and that she had been receiving $50 a day for selling the drugs. She argues that the evidence was insufficient to convict her of delivery of heroin, because there was no evidence of actual or attempted delivery.

ORS 475.992 prohibits the manufacture or delivery of a controlled substance. ORS 475.005(8) defines delivery:

> " 'Deliver' or 'delivery' means the actual, constructive or attempted transfer, other than by administering or dispensing, from one person to another of a controlled substance, whether or not there is an agency relationship."

The relevant inquiry in this case is whether possession of the large amount of heroin, not for personal use but for sale, constitutes attempted delivery within the meaning of the ORS 415.005(8), which does not define either attempted transfer or attempt. The provisions of the Oregon Criminal Code of 1971, ORS 161.005 to ORS 167.820, are therefore applicable. *See* ORS 161.035.[1]

ORS 161.405(1) provides:

---

[1] ORS 161.035 provides, in part:

"(1) Chapter 743, Oregon Laws 1971, shall govern the construction of and punishment for any offense defined in chapter 743, Oregon Laws 1971, and committed after January 1, 1972, as well as the construction and application of any defense to a prosecution for such an offense.

"(2) Except as otherwise expressly provided, or unless the context requires otherwise, the provisions of chapter 743, Oregon Laws 1971, shall govern the construction of and punishment for any offense defined outside chapter 743, Oregon Laws 1971, and committed after January 1, 1972, as well as the construction and application of any defense to a prosecution for such an offense."

"A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

The state directs our attention to *Commentary to the Criminal Code of 1971*, § 54, at 49-50, which provides, in relevant part:

"[T]he Model Penal Code examples of acts which should not be held insufficient as a matter of law to constitute a substantial step are approved and are set out as follows:

"* * * * *

"(e)   possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances;

"(f)   possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances[.]"

The state is correct that the fact that defendant possessed the large amount of heroin together with her admission that she acquired it in order to sell it amounts to evidence that she had taken a substantial step toward the commission of the crime of delivery of a controlled substance.

Defendant's next argument relates to the variation between the Uniform Controlled Substances Act and Oregon's Controlled Substances Act, which substantially adopts the former. She argues that the Oregon legislature intended to penalize only possession and delivery of controlled substances but not possession with intent to deliver, which is a distinct crime, and that the state's evidence was relevant only to possession, but not to delivery. The uniform act separately penalizes delivery, possession with intent to deliver and possession. 9 *Uniform Laws Annot.,* § 401(a)(c). The Oregon act separately penalizes delivery and possession, but not possession with intent to deliver. ORS 475.992(1)(4). The definition of "delivery," in relevant part, is the same in both acts. 9 *Uniform Laws Annot.,* § 101(f); ORS 475.005(8).

The fact that the Oregon legislature did not choose to make possession with intent to deliver a separate crime does not mean that it intended to punish possession of controlled

substances intended for distribution as simple possession only. Under the uniform act, as well as under the federal statutory scheme, delivery and possession with intent to deliver are crimes punishable by the same penalties. The offense of simple possession is subject to substantially lesser penalties. *See* 21 USC §§ 841(a), 844; 9 *Uniform Laws Annot.,* § 401(a)(c). There is no indication that the Oregon legislature intended to punish an attempt to transfer a controlled substance other than as the completed transfer. It did so without enacting the distinct crime of possession with intent to deliver, because that crime, considering the meaning of "attempt," is included in the definition of "delivery". There was no error.

Affirmed.