Submitted March 28; convictions on Counts 1 and 3 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine, remanded for resentencing, otherwise affirmed April 27, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEREMY EDWARD LISLE,
*Defendant-Appellant.*

Washington County Circuit Court
20CR45294; A174530

509 P3d 191

Ricardo J. Menchaca, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Convictions on Counts 1 and 3 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals his convictions after a bench trial of unlawful delivery of heroin, ORS 475.850 (Count 1); unlawful possession of heroin, ORS 475.854 (Count 2); unlawful delivery of methamphetamine, ORS 475.870 (Count 3); unlawful possession of methamphetamine, ORS 475.874 (Count 4); and felon in possession of a firearm, ORS 166.270 (Count 5). The court merged the verdicts on Counts 1 and 2 and Counts 3 and 4.

We reject without discussion defendant's first assignment of error, in which he contends that a warrant for a police search of his hotel room was not supported by probable cause.

In his second assignment, defendant contends that the trial court erred in denying his motion for a judgment of acquittal on the delivery counts, because they were based on a theory of delivery under *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988)—that defendant took a substantial step toward a completed delivery—that we have recently rejected in *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021) , *rev allowed*, 369 Or 504 (2022). Defendant's trial occurred before we decided *Hubbell*, in which we overruled *Boyd* and held that an "attempted transfer" as used in the definition of "delivery," ORS 475.005(8), refers to a particular act of transferring, not possession with a more generalized intent to deal the drugs at some undetermined point in the future. *Hubbell*, 314 Or App at 870.

The state concedes error under *Hubbell*. We agree and accept the state's concession. As in *Hubbell*, the evidence here was legally sufficient to support a finding of a substantial step toward the completed crime of delivery of a controlled substance. We therefore reverse the delivery convictions on Counts 1 and 3 and remand for entry of convictions for the lesser-included crimes of attempted delivery of heroin and methamphetamine.

Convictions on Counts 1 and 3 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine; remanded for resentencing; otherwise affirmed.