Submitted March 28; convictions on Counts 1 and 3 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine, remanded for resentencing, otherwise affirmed April 27, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JULIO GONZALEZ,
*Defendant-Appellant.*

Washington County Circuit Court
20CR32663; A174555

509 P3d 190

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Convictions on Counts 1 and 3 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted in a bench trial of delivery of heroin, ORS 475.850 (Count 1); possession of heroin, ORS 475.854 (Count 2); delivery of methamphetamine, ORS 475.890(2) (Count 3); and possession of methamphetamine, ORS 475.894 (Count 4). The state's theory of delivery at trial was based on *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988)—possession with intent to deliver.

In his single assignment of error, defendant contends that the trial court erred in denying his motion for judgment of acquittal on the delivery charges. After the filing of defendant's brief, we decided *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *rev allowed*, 369 Or 504 (2022), in which we overruled *Boyd* and held that an "attempted transfer" as used in the definition of "delivery," ORS 475.005(8), refers to a particular act of transferring, not possession with a more generalized intent to deal the drugs at some undetermined point in the future. *Hubbell*, 314 Or App at 870.

The state concedes error. We agree and accept the state's concession. As in *Hubbell*, we conclude that the evidence here was legally sufficient to support a finding of a substantial step toward the completed crimes of delivery of heroin and methamphetamine. We therefore reverse the delivery convictions on Counts 1 and 3 and remand for entry of convictions for the lesser-included crimes of attempted delivery of heroin and methamphetamine.

Convictions on Counts 1 and 3 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine; remanded for resentencing; otherwise affirmed.