122 January 4, 2024 No. 10

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JORGE DELFIN,
*Petitioner-Appellant,*

*v.*

COREY FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV13576; A178753

Patricia A. Sullivan, Senior Judge.

Submitted October 31, 2023.

Margaret Huntington and O'Connor Weber LLC filed the brief for appellant. Jorge Delfin filed the supplemental briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Kamins, Judge.

TOOKEY, J.

Affirmed.

**TOOKEY, J.**

Petitioner appeals a judgment denying his petition for post-conviction relief, raising two assignments of error. In his first assignment of error, petitioner contends that the post-conviction court erred when it denied relief on petitioner's claim that his trial counsel was inadequate and ineffective under Article 1, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution for failing to advise petitioner of the state of the law regarding nonunanimous jury verdicts. In petitioner's second assignment of error, petitioner contends that the post-conviction court erred when it denied relief on petitioner's claim that his guilty pleas were not knowing, intelligent, and voluntary. Petitioner also raises supplemental *pro se* assignments of error. Accepting the post-conviction court's supported implicit and explicit factual findings and reviewing for legal error, *see Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

In 2018 and 2019, petitioner was charged with a total of seven counts of drug-related crimes in three separate cases. Petitioner entered into a plea agreement with the state in which petitioner pleaded guilty to four of the seven counts. In return, the state dismissed the remaining charges, agreed not to pursue charges for failure to appear, and agreed to not seek an upward durational departure. The trial court sentenced petitioner to 165 months of incarceration, consistent with petitioner's plea agreement.

*Petitioner's First Assignment of Error.* Petitioner contends that the post-conviction court erred when it denied relief on petitioner's claim that his trial counsel was inadequate and ineffective for failing to advise petitioner of contemporaneous and impending developments in the law regarding the constitutionality of nonunanimous jury verdicts in the State of Oregon. To establish inadequate or ineffective assistance of counsel, a petitioner must prove both a performance element and a prejudice element. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (stating standards for inadequate and ineffective assistance of counsel under the state and federal constitutions).

Petitioner alleges that, in discussing and coming to a decision on petitioner's plea agreement, petitioner's trial counsel never mentioned developments in federal and state law related to the constitutionality of nonunanimous jury verdicts. Petitioner argues that that omission represents conduct that falls below the standard of a reasonable professional defense attorney under similar circumstances. We disagree. We have held that the failure to foresee *Ramos v. Louisiana*, 590 US ____, 140 S Ct 1390, 206 L Ed 2d 583 (2020), does not constitute inadequate or ineffective assistance of counsel—at least, prior to the United States Supreme Court's grant of *certiorari* in *Ramos*. *Smith*, 318 Or App at 569-70.[1]

Petitioner further argues that he was prejudiced by his trial counsel's failure to discuss the brewing controversy around nonunanimous juries, because "had he been told that if he went to trial he could be convicted by a nonunanimous verdict, and, if he was, at some time in the future the Supreme Court might find that to be unconstitutional, and depending on the timing of Petitioner's case, rulings on retroactivity and other factual and legal determinations, his convictions that were the result of a nonunanimous verdict might be reversed resulting in a retrial, he would not have entered a plea." The record supports the post-conviction court's determination that petitioner's claim that his awareness of the remote possibility that that chain of events could occur would have changed his mind about pleading guilty "strains credulity." Thus, petitioner did not prove either that his trial counsel's performance was deficient or that any deficiency resulted in prejudice. We therefore reject petitioner's first assignment of error and affirm the post-conviction court's determination that petitioner failed to prove inadequate or ineffective assistance of counsel on his second claim for relief.

*Petitioner's Second Assignment of Error.* Petitioner contends that the post-conviction court erred "when it denied relief on petitioner's claim that his guilty pleas were not knowing, intelligent, and voluntary." That claim fails

---

[1] We note that petitioner pleaded guilty in February 2019, a month prior to the United State Supreme Court's grant of *certiorari* in *Ramos*.

under *Peeler v. Reyes*, 328 Or App 110, 118, 537 P3d 206 (2023) (holding that petitioner's plea was knowing because petitioner was "accurately advised * * * about his Sixth Amendment rights as they were understood when he pled guilty").

*Petitioner's Pro Se Supplemental Assignments of Error.* In a *pro se* supplemental brief, we understand petitioner to raise three arguments as to how the trial court erred. The arguments raised in petitioner's *pro se* supplemental brief are arguably underdeveloped. *See Beall Transport Equipment Co. v. Southern Pacific Trans.*, 186 Or App 696, 700 n. 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be" or "to make or develop a party's argument when that party has not endeavored to do so itself."). But, in any event, those arguments, as we understand them, fail.

First, to the extent that petitioner argues that his trial counsel was ineffective for failing to advise petitioner that *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988), might be overruled, as it was in *State v. Hubbell*, 371 Or 340, 537 P3d 503 (2023), the post-conviction court considered that issue, and it found petitioner's trial counsel to be credible in his declaration that he did "discuss the fact that *Boyd* might be reversed in the future with petitioner." It also determined that petitioner had not met his burden of establishing prejudice. We conclude that there was no error in the trial court's denial of that claim for post-conviction relief.

Second, petitioner appears to argue that no reasonable juror could have found that his delivery of contraband was "for consideration" as alleged in the indictment. *See* ORS 475.900(1)(b)(A) (defining "commercial drug offense" to include delivery of a controlled substance when that conduct is accompanied by at least three factors, one of which is "[t]he delivery was of heroin, fentanyl, cocaine, methamphetamine, lysergic acid diethylamide, psilocybin or psilocin and was for consideration"). Whatever the basis for that claim might be, the claim was not pleaded in the petition and, therefore, does not provide a basis for relief. ORS 138.580

("The petition shall set forth specifically the grounds upon which relief is claimed * * *.").

Finally, petitioner, who pleaded guilty, appears to assert a standalone claim under *Ramos*. But that claim, as we understand it, is foreclosed by *Peeler*, 328 Or App at 118.

Affirmed.