82 March 19, 2025 No. 232

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ANGEL MANUEL AYALA,
*Petitioner-Appellant,*

*v.*

COREY FHUERE,
Superintendent,

Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV47037; A181728

Patricia A. Sullivan, Senior Judge.

Submitted February 4, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant. Angel Ayala filed a supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner appeals the denial of his petition for post-conviction relief. In his only counseled assignment of error, petitioner argues that the post-conviction court erred in denying relief on his claim that trial counsel provided inadequate and ineffective assistance by failing to advise him in late 2018, before he accepted a plea deal, that his conduct did not constitute the crime of delivery of a controlled substance. In two *pro se* supplemental assignments of error, petitioner argues that the court also erred because trial counsel provided inadequate and ineffective assistance by failing to request a continuance at sentencing and because the trial court made a comment during sentencing that was prejudicial to petitioner. We reject the *pro se* supplemental assignments of error without written discussion, for both procedural and substantive reasons. As for the counseled assignment of error, we affirm for the reasons described below.

In October 2018, petitioner was arrested during a traffic stop. The police searched petitioner's vehicle after the arrest and found 30 grams of methamphetamine, 88.5 grams of heroin, a scale, a handgun, and two notebooks appearing to contain drug records. Petitioner was charged with delivery of heroin, delivery of methamphetamine, felon in possession of a firearm, second-degree criminal possession of a forged instrument, resisting arrest, identity theft, and first-degree theft. Two months later, pursuant to a plea agreement, he pleaded guilty to delivery of heroin, felon in possession of a firearm, and resisting arrest, and the remaining charges were dismissed. After an unsuccessful direct appeal, petitioner sought post-conviction relief. He alleged, among other things, that trial counsel had provided inadequate and ineffective assistance by failing to advise him that his conduct did not constitute the crime of delivery of a controlled substance—a claim that rested on the overruling of *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988), by *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *aff'd*, 371 Or 340, 537 P3d 503 (2023), nearly three years after petitioner pleaded guilty. The post-conviction court denied relief, and petitioner now appeals.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

In this case, the crux of petitioner's claim was that his trial counsel was inadequate and ineffective for failing to foresee the change in the law that occurred when *Hubbell* overruled *Boyd*. He claims that his attorney should have foreseen that eventuality in 2018 and advised him accordingly—that is, advised him that, if he were convicted at trial of delivery of heroin or methamphetamine, those convictions might be reversed on appeal if he challenged *Boyd* and we or the Supreme Court decided to overturn it, as ultimately happened in *Hubbell* in 2021. We are unpersuaded.

In assessing a claim of inadequate assistance of counsel, we "must make every effort to evaluate a lawyer's conduct from the lawyer's perspective at the time, without the distorting effects of hindsight." *Lichau v. Baldwin*, 333 Or 350, 360, 39 P3d 851 (2002). Absent some indication of an impending change in the law, defense counsel usually cannot be said to have provided inadequate or ineffective assistance by advising a defendant in accordance with then-existing law, particularly when there is controlling precedent on the issue. *Miller v. Lampert*, 340 Or 1, 15-16, 125 P3d 1260 (2006). Indeed, even when a legal issue is "unsettled," an inadequate-assistance claim will prevail "only if 'the state of the law was so obviously ambiguous that any lawyer exercising reasonable professional skill and judgment

necessarily would have seen it.'" *Curry v. Highberger*, 326 Or App 259, 264, 531 P3d 702, *rev den*, 371 Or 511 (2023) (quoting *Jackson v. Franke*, 369 Or 422, 434, 507 P3d 222 (2022)).

In other words, it is not enough that, looking back, "counsel could have made a winning argument." *Hagberg v. Coursey*, 269 Or App 377, 382, 344 P3d 1118, *rev den*, 358 Or 69 (2015). The petitioner must show that "based on the law as it existed at the time of [the petitioner's proceeding], any reasonably competent defense attorney would have made the argument that was ultimately deemed meritorious in [a later case]." *Id*. Otherwise, "[d]efense counsel cannot be faulted for lacking a crystal ball[.]" *Montez v. Czerniak*, 355 Or 1, 32, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

For example, in *Miller*, 340 Or at 15-16, the Oregon Supreme Court held that the petitioner's counsel did not perform deficiently, given "the law in effect at the time," where counsel did not foresee in 1998 that the United States Supreme Court would "reverse course" from existing law and hold two years later in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), that sentence enhancement facts must be found by a jury. Similarly, in *Kelly*, 318 Or App at 569-70, we held that the petitioner's counsel did not perform deficiently, given existing law, where counsel did not foresee in 2015 that the United States Supreme Court would hold five years later in *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that nonunanimous guilty verdicts are unconstitutional.

Returning to the present case, *Boyd* was decided in 1988. It expressly held that a person could be convicted of the completed crime of delivery of a controlled substance based on evidence that they possessed a large amount of a controlled substance with the intent to sell it. *Boyd*, 92 Or App at 54-55 (so holding, based on our construction of ORS 475.005(8), which defined "delivery" to include "attempted transfer"). That was the law for more than 30 years, until 2021, when we overturned *Boyd* in *Hubbell*. *Hubbell* held that possession of a large amount of a controlled substance with the intent to sell it could support a conviction for attempted delivery, but that completed delivery required more. *See*

*Hubbell*, 314 Or App at 861 (explaining that *Boyd* wrongly conflated "attempted transfer" in the delivery statutes with the inchoate crime of "attempt").[1]

The question, then, is whether, an attorney exercising reasonable professional skill and judgment would have advised petitioner in late 2018 that, notwithstanding *Boyd*, petitioner's conduct might not actually constitute the crime of delivery of a controlled substance. In petitioner's view, had counsel so advised him, he could and would have proceeded to trial, been convicted of the delivery counts, and gotten *Boyd* overturned on appeal in his own case, resulting in the reversal of those convictions (presumably to be replaced with attempted delivery convictions).

We are unpersuaded that petitioner's counsel's reliance on *Boyd* while advising him in late 2018 reflects a failure to exercise reasonable skill and judgment. *Boyd* had been controlling precedent for 30 years at that point, and its demise was sudden. Indeed, even the defendant in *Hubbell* did not foresee the change in the law—we decided *sua sponte* to re-examine "the settled rule" of *Boyd* in *Hubbell* and requested supplemental briefing toward that end. *Hubbell*, 314 Or App at 847; *id*. at 854 (explaining how we came to decide to revisit *Boyd*). Controlling for the distorting effect of hindsight, we agree with the post-conviction court that petitioner's trial counsel did not fail to exercise reasonable professional skill and judgment by advising petitioner in a manner consistent with then-existing law and without reference to the possibility that *Boyd* could be overruled in the future. Accordingly, the post-conviction could did not err in denying relief on the claim at issue.

Affirmed.

---

[1] The legislature amended the delivery statutes in 2024 to effectively reinstate the *Boyd* rule. *See* House Bill (HB) 4002 (2024); Staff Measure Summary, Joint Committee on Addiction and Community Safety Response, HB 4002, Feb 27, 2024, at 2-3 (describing the purpose of section 24 of the bill). Those amendments are not relevant to the issue presented on appeal.