32 June 4, 2025 No. 485

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AGUSTIN GABRIEL RIBOTA,
*Defendant-Appellant.*

Klamath County Circuit Court
21CR40452; A177602

Andrea M. Janney, Judge.

Submitted April 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Count 1 reversed; Counts 2 and 4 reversed and remanded.

**POWERS, J.**

In this criminal action, defendant appeals from a judgment of conviction for unlawful delivery of methamphetamine (Count 1) and felon in possession of a restricted weapon (Count 4), raising two assignments of error. In his first assignment, he argues that the trial court erred in denying his motion for judgment of acquittal on the delivery charge because the evidence was insufficient to prove that defendant transferred or attempted to transfer methamphetamine. The state concedes error given a recent appellate decision, and we accept the state's concession. In his second assignment of error, defendant contends that the court erred in denying his motion to suppress because the automobile exception, which was also subject to a recent appellate decision, no longer can justify the search of the car and the backpack. He further argues that the state's proposed alternative basis for affirmance—search incident to arrest—is inapplicable because the state did not raise it before the trial court and the record would have developed differently had the state raised it. As explained below, we agree with defendant's contention that the record would have developed differently. Accordingly, we reverse Count 1 and reverse and remand the remaining counts.

We review a trial court's denial of a motion to suppress for legal error and are "bound by the trial court's findings of historical fact that are supported by constitutionally sufficient evidence in the record." *State v. Goldberg*, 309 Or App 660, 663, 483 P3d 671 (2021). In general, we limit the analysis to the record developed at the motion hearing. *State v. Dodge*, 297 Or App 30, 33, 441 P3d 599, *rev den*, 365 Or 533 (2019). Because defendant in this case assigns error to the denial of the pretrial motion to suppress, we evaluate that argument in light of the record made before the trial court when it denied the motion, not the record as it later developed at trial. *State v. Hsieh*, 314 Or App 313, 315, 499 P3d 142 (2021), *rev den*, 369 Or 505 (2022). We recite the underlying facts with that standard of review in mind.

Officer Thun was on patrol in Klamath Falls, when he saw defendant drive through a traffic light as it turned from yellow to red. Thun stopped defendant and ultimately

arrested him for Unlawful Use of a Moving Vehicle (UUMV) for driving a stolen vehicle. Thun searched defendant "for weapons and means of escape" and discovered a large wad of cash. After arresting defendant, Thun placed defendant in the back of his patrol vehicle and then proceeded to search the vehicle that defendant was driving for further evidence of UUMV. Thun explained that he did not get a warrant because of the exigency created by the vehicle, which was operational and mobile. Thun found tools that might be used for stealing a vehicle in the center console and two cell phones in the front console area. He then located a backpack in the rear seat of the vehicle, which he opened, and found more tools that might be used for stealing a vehicle, a plastic bag with suspected methamphetamine, two knives, and a knife that opened with centrifugal force. Thun later stated that the backpack was behind the center console in between the rear and front seats.

Defendant moved to suppress any and all evidence obtained from a warrantless search of the vehicle and the backpack. He argued that there "was no probable cause for opening the backpack," that the backpack "was not part of the inventory search," and that the backpack was not searched "incident to arrest since the defendant was already in the police vehicle" when officers searched the vehicle. Defendant also submitted a supplemental memorandum in support of his motion to suppress in which he apprised both the state and the trial court that *State v. McCarthy*, 302 Or App 82, 459 P3d 890 (2020), *rev'd*, 369 Or 129, 501 P3d 478 (2021), was on review to the Oregon Supreme Court to decide whether the automobile exception would still be recognized as an exception to the warrant requirement in Oregon. The state did not respond in writing to defendant's motion.

At the suppression hearing, the state relied on the automobile exception to the warrant requirement to justify the search of the vehicle and backpack. The state asserted that the officer had probable cause to search for evidence of UUMV, which included containers within the vehicle that might hold such evidence. Defendant asserted that this was not an automobile exigency case because there was no exigency and that the officer should have gotten a warrant to search the vehicle. Toward the end of the suppression

hearing, the state argued that the officer's search of the vehicle satisfied all elements of the automobile exception. Defendant clarified "so, really we're talking about the automobile exception," to which the court replied "yes."

Ultimately, the trial court denied defendant's motion to suppress in a letter opinion, reasoning that the automobile exception applied. That court explained, in part:

> "Nevertheless, as the automobile exception is currently crafted in Oregon, pursuant to [State v.] Brown, [301 Or 268, 721 P2d 1357 (1986), State v.] Andersen, [361 Or 187, 390 P3d 992 (2017), and State v.] Bliss, [363 Or 426, 423 P3d 53 (2018),] the state is only required to show *** that the automobile was mobile at the time it was stopped by the police *** and that probable cause existed for the search of the vehicle.*** While McCarthy is being reviewed, the above legal landscape continues to exist. With the above in mind, the Court concludes that the stop was lawful, the information available to law enforcement was lawfully obtained, and there was probable cause to search the backpack. Because the vehicle was clearly operable, there was no requirement to obtain a warrant, regardless of how realistically the vehicle could have been driven away from the scene absent law enforcement's permission or how quickly could a warrant have been obtained. Defense's motion is denied."

Prior to the start of trial, the state withdrew the UUMV charge and proceeded on the unlawful delivery of methamphetamine, unlawful possession of methamphetamine, and felon in possession of a restricted weapon. At trial, the state introduced evidence consistent with the suppression hearing as well as text messages that suggested defendant was involved in drug dealing. Defendant moved for judgment of acquittal arguing that the evidence did not support a determination that defendant had engaged in actual delivery of methamphetamine based on State v. Hubbell, 314 Or App 844, 500 P3d 728 (2021), aff'd, 371 Or 340, 537 P3d 503 (2023). The trial court denied defendant's motion. The jury found defendant guilty of unlawful delivery of methamphetamine, unlawful possession of methamphetamine, and felon in possession of a restricted weapon.[1]

---

[1] Count 2, unlawful possession of methamphetamine (Count 2), merged with Count 1, unlawful delivery of methamphetamine. Count 3, unauthorized use of a vehicle, was withdrawn prior to trial.

In his first assignment of error, defendant argues that, under *Hubbell*, there was insufficient evidence to demonstrate that defendant delivered or attempted to deliver methamphetamine. In *Hubbell*, we overruled *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988), and explained that an "attempted transfer" means a person tried but unsuccessfully caused "the controlled substance to pass from one person to another" and not that a person has taken "a substantial step toward the crime of delivery but has not yet attempted the transfer itself." *Hubbell*, 314 Or App at 869-71. In response, the state concedes the error and acknowledges that the evidence did not establish actual or attempted delivery. We accept the state's concession and reverse defendant's conviction for unlawful delivery of methamphetamine (Count 1).

We turn to defendant's second assignment of error challenging the denial of the motion to suppress. On appeal, the state concedes that the trial court's reliance on the automobile exception to deny the motion to suppress was misplaced in light of *State v. McCarthy*, 369 Or 129, 501 P3d 478 (2021). Nevertheless, the state argues that we should affirm because the search was lawful as a search incident to arrest. The state contends that it sufficiently developed the search-incident-to-arrest theory at trial and advanced that theory as one of several reasons to deny the motion to suppress. Defendant counters that the search-incident-to-arrest theory does not provide an alternative basis for affirmance because the state did not raise that theory before the trial court and because the record would have developed differently had the state raised it. In examining the record developed at the suppression hearing, we agree with defendant's argument that the state failed to raise the theory and that the record would have developed differently had the state raised the search-incident-to-arrest theory instead of relying solely on the automobile exception to justify the search.

Article I, section 9, of the Oregon Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure." It is well established that, under Article I, section 9, warrantless entries and searches of premises are

"*per se* unreasonable unless they fall within an exception to the warrant requirement." *State v. Kelly*, 274 Or App 363, 372, 360 P3d 691 (2015). A search incident to arrest is one recognized exception. *State v. Owens*, 302 Or 196, 204-05, 729 P2d 524 (1986). The Supreme Court has observed that a warrantless search incident to arrest can be made for any of three purposes: "(1) to protect a police officer's safety; (2) to prevent destruction of evidence; or (3) to discover evidence of the crime of arrest." *State v. Mazzola*, 356 Or 804, 811, 345 P3d 424 (2015).

A search incident to arrest must relate to a crime that there is probable cause to believe the arrestee has committed, and it must be reasonable in time, scope, and intensity. *Owens*, 302 Or at 199, 204. A search is reasonable in time if it occurs immediately after a defendant's arrest. *State v. Washington*, 265 Or App 532, 537, 335 P3d 877 (2014). As for scope and intensity, a search is reasonable when "it is confined to the area that was in the immediate control of the suspect at the time of arrest[.]" *State v. Brownlee*, 302 Or App 594, 605, 461 P3d 1015 (2020) (internal quotation marks omitted). It is permissible to search closed compartments or containers in the passenger compartment of a vehicle, provided that evidence of the crime could reasonably be concealed in the parts of the car searched. *Washington*, 265 Or App at 541.

In urging us to affirm on an alternative basis, the state contends that it developed the search-incident-to-arrest theory sufficiently at trial and advanced that theory as one of several reasons to deny the motion to suppress. We disagree. Although the state made a few references to search incident to arrest, none of those references sufficiently developed the record or put the trial court and defendant on notice that it was proceeding on the theory that the search was justified on that alternative basis. The state made clear to both defendant and the trial court that it was arguing that the automobile exception justified the warrantless search. The state's arguments were based on the inherently mobile nature of the vehicle, the officer testified that he did not get a warrant because the "vehicle was operational and mobile," and defendant, at the close of the

suppression hearing, obtained clarification from the court that the exception at issue was the automobile exception. The state could have advanced an argument that the search was also justified by a search incident to arrest, but it did not. The trial court addressed only the automobile exception in its findings and ruling. Further, the parties proceeded to trial with the understanding that the search of the car was justified by the automobile exception. Accordingly, the state did not sufficiently raise the search-incident-to-arrest theory before the trial court to preserve it for appeal as an alternative basis for affirmance.

When an alternative basis for affirmance is raised for the first time on appeal, we may affirm the trial court's ruling under the right-for-the-wrong-reasons doctrine. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659, 20 P3d 180 (2001); *Sherertz v. Brownstein Rask*, 314 Or App 331, 341, 489 P3d 850 (2021), *rev den*, 369 Or 338 (2022). To do so, the evidentiary record must be sufficient to support the alternative theory for affirmance, which requires

> "(1) that the facts of the record be sufficient to support the alternative basis for affirmance; (2) that the trial court's ruling be consistent with the view of the evidence under the alternative basis for affirmance; and (3) that the record materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below."

*Outdoor Media Dimensions Inc.*, 331 Or at 659-60. "[E]ven if the record contains evidence sufficient to support an alternative basis for affirmance, if the losing party might have created a different record below had the prevailing party raised the issue, and that record could affect the disposition of the issue, we will not consider the alternative basis for affirmance." *Id.* (emphasis omitted).

Our analysis in *State v. Woodall*, 181 Or App 213, 45 P3d 484 (2002), is instructive. In that case, we declined to affirm the trial court's ruling, which was based on the automobile exception, on the right-for-the-wrong-reason basis of search incident to arrest because the record was "not materially the same one that might have been developed had the state asserted the search-incident-to-arrest exception before

the trial court." *Id.* at 218-19. We explained that the automobile and search-incident-to-arrest exceptions have materially different elements and that the state did not provide any direct evidence regarding the time, scope, and intensity of the search necessary to justify a search incident to arrest. *Id.* at 220-21.

Here, we conclude that the record would likely have developed differently for the same reasons articulated in *Woodall*. Had the state raised a search-incident-to-arrest theory, both parties likely would have presented evidence and argument that addressed those factors, including the exact location of the backpack, whether the backpack was within defendant's control, whether the evidence of the crime could be reasonably concealed in the backpack, and the time that might have elapsed between the arrest and the search of the vehicle and backpack. Moreover, the record is devoid of any argument or factual development on the reasonableness of the time, scope, and intensity of the search.

In short, because the record would likely have developed differently had the parties and the court shared an understanding that the doctrine of search incident to arrest was at issue, we do not address the state's right-for-the-wrong-reason argument for affirmance. Accordingly, we conclude based on *McCarthy* that the trial court erred in denying the motion to suppress. This requires us to reverse and remand the conviction on Count 4 and to reverse and remand the guilty verdict on Count 2, which was merged with Count 1.

Count 1 reversed; Counts 2 and 4 reversed and remanded.