424 December 3, 2025 No. 1041

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MIGUEL FERNANDO GARCIA-MONTEJANO,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV44141; A184030

J. Burdette Pratt, Senior Judge.

Submitted October 28, 2025.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief, raising two assignments of error. In his first assignment of error, petitioner contends that the post-conviction court erred in denying relief on petitioner's claim that trial counsel was ineffective for failing to adequately investigate the relevant law and object to the jury instruction on "delivery." In his second assignment of error, petitioner contends that the post-conviction court plainly erred by failing to appoint petitioner suitable post-conviction counsel as required by ORS 138.590. Accepting the post-conviction court's supported implicit and explicit factual findings, and reviewing for legal error, *see Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

In August 2018, police stopped a car in which petitioner was a passenger. A K9 unit alerted officers to the presence of a controlled substance in the vehicle, a search found "over 500 grams of methamphetamine[,]" and petitioner was subsequently arrested and charged with unlawful delivery of methamphetamine and unlawful possession of methamphetamine. Petitioner was offered a 56-month plea deal, which petitioner rejected. In October 2018, petitioner was found guilty on both counts and sentenced to 113 months in prison. Following an unsuccessful direct appeal in his criminal case, petitioner sought post-conviction relief. He alleged in Claim 9e of his second amended petition that trial counsel had provided ineffective assistance in 2018 because trial counsel failed to adequately investigate "the evolving area of law concerning what constitutes 'delivery' under ORS 475.005(8)" and failed to object to the jury instruction defining "delivery." The post-conviction court denied relief on that claim, and petitioner now appeals.

*Petitioner's First Assignment of Error.* Petitioner argues that the post-conviction court erred in denying relief on the basis that trial counsel was inadequate and ineffective "for failing to adequately investigate the statutes relevant to petitioner's charged crime and object to [the jury] instruction because it was an incorrect statement of law." In his second amended petition, petitioner alleged violations of his constitutional right to adequate assistance of counsel

under Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution.

To succeed on a claim of inadequate assistance, petitioner must establish by a preponderance of the evidence that trial counsel's performance "fell below an objective standard of reasonableness" and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 US 668, 688, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984); *see also Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (explaining that federal and state tests for ineffective assistance are "functionally equivalent"). A "substantial denial * * * of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both" would entitle petitioner to post-conviction relief. ORS 138.530(1)(a).

Petitioner was charged with delivery of methamphetamine under ORS 475.890. "Delivery" was, at that time, defined as "the actual, constructive or attempted transfer, other than by administering or dispensing, from one person to another of a controlled substance, whether or not there is an agency relationship." *Former* ORS 475.005(8) (2018).[1] At petitioner's trial in 2018, the jury was instructed that they could find petitioner guilty of delivery of methamphetamine if they found that he had "[p]ossession with the intent to deliver, * * * even when no actual transfer is shown." Possession with the intent to deliver, when no actual transfer is shown, is commonly known as a constructive delivery. Petitioner did not object to this jury instruction at trial. In 2021, three years after petitioner's trial, while petitioner's criminal case was on direct appeal, we issued our opinion in *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *aff'd*,

---

[1] As we noted in *Ayala v. Fhuere*, 339 Or App 82, 86 n 1, 566 P3d 716 (2025), the "legislature amended the delivery statutes in 2024 to effectively reinstate the *Boyd* rule[,]" which, as explained in this opinion, was overruled by *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *aff'd*, 371 Or 340, 537 P3d 340 (2023). *See* House Bill (HB) 4002 (2024); Staff Measure Summary, Joint Committee on Addiction and Community Safety Response, HB 4002, Feb 27, 2024, at 2-3 (describing the purpose of section 24 of the bill). Those amendments are not relevant to the issue presented on appeal.

371 Or 340, 537 P3d 340 (2023), in which we overruled our previous opinion in *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988). In *Hubbell*, we held:

> "To prove an 'attempted' transfer, the state's evidence must give rise to an inference that defendant made some effort to cause the controlled substances to pass from one person to another. It is not sufficient for the state to show the defendant's purpose in acquiring drugs; it must also prove the element of a transfer, either actual, constructive, or attempted. A defendant's possession, even in anticipation of transfer or with the intent to later transfer them, is not the same as the transfer itself."

314 Or App at 872.

Petitioner argues that the post-conviction court erred in denying petitioner's claim that trial counsel was ineffective for failing to investigate the law surrounding *Boyd* and to object to the jury instruction, and that trial counsel should have argued that *Boyd* was not a correct interpretation of ORS 475.005(8) in 2018. Petitioner contends that, had trial counsel done so, and "preserved a challenge to *Boyd* by objecting to the jury instruction, petitioner would have received the benefit of that decision on [direct] appeal" of his criminal case.

Respondent argues that petitioner's claim is foreclosed by this court's recent decision in *Ayala v. Fhuere*, 339 Or App 82, 86, 566 P3d 716 (2025), in which we stated that "petitioner's trial counsel did not fail to exercise reasonable professional skill and judgment by advising petitioner in a manner consistent with then-existing law and without reference to the possibility that *Boyd* could be overruled in the future."

In *Ayala*, we stated that "petitioner's counsel's reliance on *Boyd* while advising him in late 2018" did not "reflect[] a failure to exercise reasonable skill and judgment[,]" in part because *Boyd* "expressly held that a person could be convicted of the completed crime of delivery of a controlled substance based on evidence that they possessed a large amount of a controlled substance with the intent to sell it[,]" and "[t]hat was the law for more than 30 years,

until 2021, when we overturned *Boyd* in *Hubbell*." *Id.* at 85-86.

Having reviewed the record in this case, we agree with the post-conviction court that, consistent with *Ayala*, "[p]etitioner [did] not prove[] that his trial attorney should have known that *Boyd*, which was decided in 1988, would be overruled in the near future[,]" and therefore did not fail to exercise reasonable professional skill and judgment by advising petitioner in 2018 in a manner consistent with then-existing and long-standing law.

*Petitioner's Second Assignment of Error.* In his second assignment of error, petitioner argues that the post-conviction court plainly erred because it failed to appoint suitable post-conviction counsel. *See* ORS 138.590(1) (requiring appointment of "suitable counsel possessing skills and experience commensurate with the nature of the conviction and complexity of the case"). Petitioner argues that appointed post-conviction counsel was not suitable because post-conviction counsel did not include in an amended petition a "standalone due process claim based on insufficiency of the evidence under *Hubbell*." Respondent argues that because petitioner did not seek or obtain any ruling from the post-conviction court on whether post-conviction counsel was suitable or should be replaced, no ruling exists to review on appeal. *See Benjamin v. Wal-Mart Stores, Inc.*, 185 Or App 444, 464, 61 P3d 257 (2002), *rev den*, 335 Or 479 (2003) (stating that "[i]f a party does not identify a specific legal, procedural, factual, or other ruling by the trial court, *** there is nothing for this court to review" (internal citation omitted)); ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."). Further, at no point did petitioner alert the court to any concern that the petition or any amended petition omitted a due process claim.

Because petitioner did not present the post-conviction court with any motion, or request, for the court to decide regarding the suitability of post-conviction counsel, we agree with respondent that petitioner's challenge is not reviewable and the post-conviction court did not err. *See Falk v. Amsberry*, 290 Or 839, 843, 626 P2d 362 (1981)

(stating that "no error has occurred where no ruling has been made by the court or requested by the litigant").[2]

Affirmed.

---

[2] In reaching our conclusion, we do not foreclose that there might, in some circumstances, be a *sua sponte* obligation for a post-conviction court to act in post-conviction cases if post-conviction counsel appears not to be suitable. *See* ORS 138.590 (1) ("Any petitioner who is unable to pay the expenses of a proceeding pursuant to ORS 138.510 to 138.680 or to employ suitable counsel possessing skills and experience commensurate with the nature of the conviction and complexity of the case for the proceeding may proceed as a financially eligible person pursuant to this section upon order of the circuit court in which the petition is filed.").

But even assuming such a *sua sponte* obligation might exist in some circumstances, it does not exist here, where, among other facts, nothing would have alerted the post-conviction court that petitioner wanted to raise a claim that post-conviction counsel did not raise or that petitioner had any complaint about post-conviction counsel's suitability.