No. 534 June 10, 2026 551

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ROBERT ELLIOT GOODLETTE,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV37158; A184004

J. Burdette Pratt, Senior Judge.

Submitted May 20, 2026.

Margaret Huntington and Equal Justice Law filed the opening brief for appellant. Robert Elliot Goodlette filed the supplemental briefs *pro se.*

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals a judgment denying post-conviction relief. In August 2019, petitioner pleaded guilty to and was convicted of delivery of heroin and methamphetamine. He later sought post-conviction relief. Petitioner claims that his trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to advise him that *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988), *overruled by State v. Hubbell*, 371 Or 340, 537 P3d 503 (2023), was likely to be overturned in the near future and that, if petitioner went to trial, he could preserve for appeal a challenge to *Boyd*. The post-conviction court denied relief on that claim, and petitioner appeals, contending that he was entitled to relief. In a *pro se* supplemental assignment of error, petitioner further contends that the post-conviction court "erred in denying relief on petitioner's claim that trial counsel was ineffective for failing to adequately advise petitioner about the entire discovery and the State's failure to test drugs." The superintendent maintains that the court did not err in denying relief. As explained below, we affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 701, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we

review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id.*

In this case, petitioner's claim relating to *Boyd* is virtually identical to the unsuccessful post-conviction claim in *Ayala v. Fhuere*, 339 Or App 82, 86, 566 P3d 716 (2025), *rev den*, unpublished order in case number S071955 (Oct 2, 2025), a case decided a month after petitioner's counsel filed the opening brief in this case. The only difference is that the petitioner in *Ayala* pleaded guilty in late 2018, whereas petitioner in this case pleaded guilty in August 2019—a distinction without a difference. In *Ayala*, we held that the post-conviction court did not err in denying relief:

> "We are unpersuaded that petitioner's counsel's reliance on *Boyd* while advising him in late 2018 reflects a failure to exercise reasonable skill and judgment. *Boyd* had been controlling precedent for 30 years at that point, and its demise was sudden. Indeed, even the defendant in *Hubbell* did not foresee the change in the law—we decided *sua sponte* to re-examine 'the settled rule' of *Boyd* in *Hubbell* and requested supplemental briefing toward that end. *Hubbell*, 314 Or App at 847; *id.* at 854 (explaining how we came to decide to revisit *Boyd*). Controlling for the distorting effect of hindsight, we agree with the post-conviction court that petitioner's trial counsel did not fail to exercise reasonable professional skill and judgment by advising petitioner in a manner consistent with then-existing law and without reference to the possibility that *Boyd* could be overruled in the future. Accordingly, the post-conviction court did not err in denying relief on the claim at issue."

339 Or App at 86. The same is true here. We therefore reject the counseled assignment of error based on failure to prove deficient performance. Given the post-conviction court's credibility findings, we further reject it for failure to prove prejudice.

We next address petitioner's *pro se* supplemental assignment of error. Petitioner contends that his trial counsel provided inadequate and ineffective assistance by failing to inform him that, at the time of his plea hearing, the state had not yet tested the seized materials at the Oregon State Police Crime Lab to confirm that they were in fact methamphetamine and heroin. The post-conviction court denied relief on that claim based on both failure to prove deficient performance and failure to prove prejudice. We agree that petitioner failed to prove deficient performance. Initial field testing identified the materials as methamphetamine and heroin, and petitioner told the police that it was methamphetamine and heroin. It was not constitutionally deficient not to mention to petitioner that the substances had not yet been "officially" tested at the crime lab—something that, according to the prosecutor, he normally did closer to trial. We reject the *pro se* supplemental assignment of error for failure to prove deficient performance. Given the post-conviction court's credibility findings, we further reject it for failure to prove prejudice. Petitioner's argument against relying on the post-conviction court's credibility findings is not well taken.

Accordingly, we affirm the judgment denying post-conviction relief.

Affirmed.