*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted July 29; convictions on Counts 1 and 2 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine, remanded for resentencing, otherwise affirmed August 31, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN CURTIS BEDFORD,
aka John Bedford, aka John C. Bedford,
aka John Curris Bedford, aka John Curtil Bedford,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR10744; A175105

Ann Marie Simmons, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JAMES, P. J.

Convictions on Counts 1 and 2 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine; remanded for resentencing; otherwise affirmed.

**JAMES, P. J.**

Defendant appeals from a judgment of conviction for unlawful delivery of heroin, ORS 475.850 (Count 1), unlawful delivery of methamphetamine, ORS 475.890 (Count 2), unlawful possession of heroin, ORS 475.854 (Count 3), unlawful possession of methamphetamine, ORS 475.894 (Count 4), fleeing or attempting to elude a police officer, ORS 811.540 (Count 5) and reckless driving, ORS 811.140 (Count 6), raising multiple assignments, and supplemental assignments, of error. We address his supplemental assignments of error first.

In defendant's first and second supplemental assignments of error he challenges his convictions on Counts 1 and 2 for completed delivery of narcotics based on a *Boyd* theory. *State v. Boyd*, 92 Or App 51, 53, 756 P2d 1276 (1988). He raises a plain-error challenge to those convictions, arguing that the evidence was insufficient under *State v. Hubbell*, 314 Or App 844, 847-88, 500 P3d 728 (2021). The state concedes the error, and that concession is well taken. However, the parties dispute the remedy that we should apply. We agree with the state that, based on this record, the proper remedy is remand for entry of attempted delivery of heroin, ORS 475.850, on Count 1, and attempted unlawful delivery of methamphetamine, ORS 475.890, on Count 2. Our resolution on that issue obviates the need to address defendant's third through fifth supplemental assignments of error.

Defendant's first through sixth assignments of error raise unpreserved challenges relating to a departure factor, OAR 213-008-0002(1)(b)(J) (Factor J). A jury may find Factor J when it determines that "[t]he degree of harm or loss attributed to the current crime of conviction was significantly greater than typical for such an offense." OAR 213-008-0002(1)(b)(J). Defendant argues that Factor J cannot apply when the state establishes only a risk of harm, not actual harm. We need not decide the merits of that argument, however, because here the state proved, and the jury found, four other departure factors. Given that we are remanding this case for resentencing, that trial court will decide anew which, if any, departure factors it would rely upon, if it imposed a departure sentence. Similarly, in light of our disposition, we need not address defendant's seventh

and eighth assignments of error, which raise unpreserved merger challenges. *See State v. Sheikh-Nur*, 285 Or App 529, 531, 398 P3d 472, *rev den*, 361 Or 886 (2017) (the need for a remand for resentencing obviates the need to consider a merger issue; "[t]he trial court will have the opportunity to address that unpreserved [merger] issue in the first instance on remand").

Convictions on Counts 1 and 2 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine; remanded for resentencing; otherwise affirmed.