92 October 8, 2025 No. 874

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN CURTIS BEDFORD,
aka John Bedford, aka John C. Bedford,
John Curris Bedford, aka John Curtil Bedford,
aka Kirk Bedford,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR10744; A183385

Ann Marie Simmons, Judge.

Argued and submitted August 20, 2025.

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Remanded for resentencing.

**JOYCE, J.**

This case is before us a second time. A jury convicted defendant of two counts of delivery of a controlled substance and found that the counts involved substantial quantities of heroin (Count 1) and methamphetamine (Count 2). The trial court ranked defendant at crime category 9 for his conviction for delivery of heroin, because the crime involved 50 grams or more. ORS 475.925(2)(c); ORS 475.930(1)(a)(B). On defendant's conviction for delivery of methamphetamine, the court ranked defendant at crime category 8. ORS 475.900(1)(a). In his first appeal, we reversed defendant's convictions for delivery of heroin and delivery of methamphetamine because the evidence was insufficient to prove that defendant completed delivery of the drugs under *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *aff'd*, 371 Or 340, 537 P3d 503 (2023). We remanded the case to the trial court for entry of convictions for attempted delivery of a controlled substance on each count and for resentencing. *State v. Bedford*, 321 Or App 515, 517 (2022) (nonprecedential memorandum opinion), *rev dismissed*, 371 Or 535 (2023).

On resentencing for attempted delivery of controlled substances, the trial court ranked Count 1 at crime category 7 and Count 2 at crime category 6. In this appeal, defendant argues that the trial court erred in doing so, because, among other reasons, the jury finding that each count involved substantial quantities does not equate to a jury finding that the *completed* crime of delivery would have involved a substantial quantity; thus, in defendant's view, the trial court erred in using the crime seriousness category for a completed delivery of a controlled substance involving substantial quantities. We conclude that although the jury found that defendant's conduct in committing attempted delivery of a controlled substance involved substantial quantities, the same cannot be said of the completed crime of delivery of a controlled substance because the jury was never presented with that legal theory. Therefore, the trial court erred in using a crime seriousness category for the completed crime of delivery of a controlled substance, and we remand for resentencing.

To put the facts and legal issues in context, we begin by describing the relevant interlocking framework

of statutes and administrative rules that address crime seriousness categories, sentencing for completed crimes, and sentencing for attempted crimes. ORS 475.900(1)(a)(A) and (D) provide for a crime seriousness ranking of 8 where "the violation constitutes delivery" of methamphetamine or heroin and "involves substantial quantities[.]" Those provisions define "substantial quantities" of heroin as five or more grams and "substantial quantities" of methamphetamine as 10 or more grams. *Id.* Those sentencing provisions are referred to as subcategory facts or subcategories. ORS 132.557(1). ORS 475.925(2)(c) then provides for a sentencing range equivalent to crime seriousness category of 9 if a person is convicted of the unlawful delivery * * * of a controlled substance involving, among other things, 50 grams or more of heroin.

OAR 213-004-0005(1), in turn, provides how a court should calculate the crime seriousness category for attempt crimes: "A conviction for an attempted crime shall be ranked on the Crime Seriousness Scale at two crime categories below the appropriate category for the completed crime."

With those provisions in mind, we turn to the facts of this case. The state indicted defendant for a number of crimes, including delivery of heroin and methamphetamine. At trial, the state relied on a *"Boyd"* theory of delivery to prove the crime of unlawful delivery of heroin and unlawful delivery of methamphetamine. *See State v. Boyd*, 92 Or App 51, 55, 756 P2d 1276, *rev den*, 307 Or 77 (1988), *overruled by Hubbell*, 314 Or App 844, 500 P3d 728 (2021) (possession of a large quantity of drugs with the intent to deliver constitutes a substantial step toward delivery and thus is sufficient to constitute the completed crime of delivery as an "attempted transfer" under the definition of "delivery" in ORS 475.005(8)). The state presented evidence that defendant possessed a large amount of both drugs, packaged into smaller amounts, and had additional packaging materials.

The jury found defendant guilty of both crimes. The jury further found that both crimes involved the subcategory fact of "substantial quantities" of both drugs. *See* ORS 475.900(1)(a)(A) and (D) (defining "substantial quantities" of controlled substances); ORS 132.557(1) (subcategory facts).

The trial court sentenced defendant accordingly: Based on the convictions and the subcategory fact of substantial quantities, for Count 1, delivery of heroin involving 50 grams or more, the court sentenced defendant under crime category 9, ORS 475.925(2)(c) and ORS 475.930(1)(a)(B), and for Count 2, delivery of methamphetamine involving 10 grams or more, the court sentenced defendant under crime category 8, ORS 475.900(1)(a)(D).

After defendant's conviction and while his appeal was pending, we decided *Hubbell*. And in *Hubbell*, we overruled *Boyd*. *Hubbell*, 314 Or App at 848. We concluded that delivery by an "attempted transfer" requires an "incomplete or unsuccessful transfer" of a controlled substance, not merely possessing a substantial quantity with intent to transfer it. *Id.* at 870; *see* ORS 475.005(8) (defining "delivery" for purposes of ORS 475.890 as "the actual, constructive or attempted transfer of *** from one person to another, a controlled substance"). Thus, "[i]f a defendant has tried to actually transfer a controlled substance to another person, that defendant will be guilty of the completed offense, regardless of whether the transfer itself was successful." *Hubbell*, 314 Or App at 870. But if a person has "merely taken a substantial step toward the crime of delivery but has not yet attempted the transfer itself"—such as merely possessing a substantial quantity—"the defendant will have committed the inchoate crime of attempted delivery of a controlled substance." *Id.* at 870-71.

In light of *Hubbell*, in defendant's first appeal, we reversed defendant's convictions that were based on a *Boyd* theory of delivery because the evidence was insufficient to prove that defendant completed delivery of the drugs, and we remanded for entry of judgments of conviction for attempted delivery and for resentencing on both counts. *Bedford*, 321 Or App at 516-17.

On remand, the parties agreed that the court should use OAR 213-004-0005(1) to determine the appropriate crime seriousness category, which provides that a conviction for an attempt crime should be ranked at two categories below the appropriate category for the completed crime. The trial court concluded that the "completed crime" was delivery

of a controlled substance involving a substantial quantity and, as a result, the completed crime category remained the same as during the original sentencing, 9 and 8. The court then ranked the attempted deliveries two crime categories below that, 7 and 6. The court did so despite defendant arguing, among other things, that although the jury found that defendant's conduct in committing *attempted* delivery of a controlled substance involved substantial quantities, the jury did not find that the *completed* crime of delivery also entailed substantial quantities.

Defendant renews that argument on appeal. He contends that although the jury found that his crimes involved substantial quantities for attempted delivery[1] of controlled substances, the jury did not find that he committed the completed crime of delivery of a controlled substance, let alone that he committed a completed delivery involving substantial quantities.

We agree.[2] Both crime seriousness categories at issue here provide for a higher category where "the unlawful delivery" of a controlled substance, ORS 475.925, and "[t]he violation constitutes delivery" of a controlled substance, ORS 475.900, and involves substantial quantities of a drug. Both categories are specific to "the" *completed* crime of delivery. "The article 'the' is used as a function word before a noun to limit its application to that specified by a succeeding element in the sentence[.]" *State v. Rowland*, 245 Or App 240, 245, 262 P3d 1158 (2011), *rev den*, 351 Or 675 (2012) (citing *Webster's Third New Int'l Dictionary* 2369 (unabridged ed

---

[1] When we use the term attempted delivery in this context, we mean the inchoate crime of attempted delivery, *i.e.*, possessing a controlled substance in an amount that reflected his intent to deliver and his taking a substantial step towards doing so, and not the "actual, constructive, or attempted transfer" of a controlled substance.

[2] Defendant raises two alternative arguments. The first is that the "completed crime" does not include subcategory facts that would have applied if the crime had been completed and, thus, the trial court erred in setting the crime seriousness categories at 8 and 9. At oral argument, defendant acknowledged that if we agreed with his argument that the jury did not find that the completed crime would have involved substantial quantities, we would not have to address the propriety of setting the categories at 8 and 9. We therefore do not address that argument. His second alternative argument is that delivery of heroin involving 50 grams is not a subcategory fact at all. Again, given our disposition here, we do not need to reach that argument.

2002)). Thus, "the," as used in both ORS 475.925 and ORS 475.900, serves to limit the higher crime seriousness categories to completed (actual, constructive, or attempted transfer) deliveries of controlled substances and does not include the inchoate crime of attempted delivery.

Yet here, the jury's factual findings necessarily amounted to legal liability for the inchoate crime of attempted delivery, not the completed crime of delivery. Because the state tried defendant under a *Boyd* theory of delivery, the jury found that defendant had substantial quantities of controlled substances when he committed attempted delivery; it made no findings with respect to a completed delivery. The trial court thus erred in sentencing defendant on remand using the increased crime seriousness categories for completed deliveries that involve substantial quantities of drugs.

Remanded for resentencing.